

**IN THE**
**TENTH COURT OF APPEALS**

———————————

**No. 10-18-00124-CV**

**IN THE INTEREST OF W.A.F., A CHILD**

———————————

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. D16-25407-CV**

---

**MEMORANDUM OPINION**

---

Briona F. appeals from a judgment that terminated the parent-child relationship between her and her child, W.A.F. TEX. FAM. CODE ANN. § 161.001 (West 2014). Briona's rights were terminated based on a jury finding as to four predicate acts in Section 161.001(b)(1) and that termination was in the best interest of the child. Briona complains that the evidence was legally insufficient for the jury to have found that she constructively abandoned W.A.F. pursuant to Section 161.001(b)(1)(N) and that termination was in the best interest of W.A.F. Because we find that Briona's complaints were not preserved, we affirm the judgment of the trial court.

In proceedings to terminate the parent-child relationship brought under Section

161.001 of the family code, the petitioner must establish one predicate act listed under subsection (1) of the statute and must also prove that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001; *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Both elements must be established; termination may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

In her first issue, Briona complains that the evidence was legally insufficient for the jury to have found that she constructively abandoned W.A.F. pursuant to Section 161.001(b)(1)(N). In her second issue, Briona complains that the evidence was legally insufficient for the jury to have found that termination was in the best interest of W.A.F.

Regarding Briona's first issue, it is apparent from Briona's brief to this Court that her complaint is at least in part a complaint regarding the use of a broad form question upon which to base the termination. Briona acknowledges that the evidence was legally sufficient as to three of the four predicate grounds which the jury could have found to terminate her rights. Briona's objection is that because the evidence was not sufficient as to one ground of termination, and it cannot be determined on which ground the termination was granted because of the broad form submission, the evidence is insufficient in its entirety. Briona did not object to the trial court regarding the use of the broad form question.

A complaint to the jury charge is waived unless the trial court is made aware of the complaint through an objection, timely and plainly, and a ruling is obtained, even in

termination proceedings.  *See In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003); *In re A.V.*, 113 S.W.3d 355, 363 (Tex. 2003); Tex. R. App. P. 33.1.  To the degree that Briona's first issue involves the use of a broad form question, we find that her issue was waived.  *Id.*

Further, the remainder of Briona's first issue and her second issue have also not been preserved for our review.  In order to preserve a legal sufficiency complaint for appellate review in a termination case tried to a jury, a party must make that complaint in the trial court by:  (1) a motion for new trial; (2) a motion for an instructed verdict; (3) an objection to the submission of a question in the jury charge; (4) a motion for a judgment notwithstanding the verdict; or (5) a motion to disregard the jury's answer to a question in the verdict.  *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 220-21, 36 Tex. Sup. Ct. J. 259 (Tex. 1992); *In re H.D.B.-M.*, No. 10-12-00423-CV, 2013 Tex. App. LEXIS 2057, 2013 WL 765699, at *8-9 (Tex. App.—Waco Feb. 28, 2013, pet. denied) (mem. op.).  None of the above objections or methods of complaint were raised in the trial court.  Because of this, Briona's first and second issues regarding the legal sufficiency of the evidence were waived.  We overrule issues one and two.

**CONCLUSION**

Because we have found that Briona's complaints were not preserved for review, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
	Justice Davis, and
	Justice Scoggins
Affirmed
Opinion delivered and filed June 27, 2018
[CV06]

